PS 8
(5/05)

# UNITED STATES DISTRICT COURT
## for the
## DISTRICT OF MASSACHUSETTS

United States of America

vs.

____John Manning_____        Docket No._04-10363-DPW-2_____

## PETITION FOR ACTION ON CONDITIONS OF PRETRIAL RELEASE

The undersigned Pretrial Services Officer presents this report regarding defendant
John Manning  , who was placed under pretrial release supervision by the Honorable Joyce
London Alexander , on November 15, 2004 under the following conditions:

1. Report to Pretrial Services each Monday and Thursday before 12:00 noon.
2. Maintain or actively seek employment.
3. Surrender passport to Pretrial Servics.
4. Obtain no passport.
5. Maintain residence at 76 Glenburn Rd in Arlington, MA. Phone # 781-646-5412, and do not move without prior permission from the Pretrial Services.
6. Avoid all contact, directly or in-directly with any persons who are or who may become a victim or potential witness in the investigation, including co-defendant.
7. Refrain from possessing a firearm, destructive device or other dangerous weapons.
8. Refrain from excessive use of alcohol.
9. Refrain from use/possession of illegal narcotics or controlled substances.
10. Submit to random drug testing as directed by Pretrial Services.
11. Not to violate any Local, State or Federal laws.
12. Notify Pretrial Services within 24 hours of any new arrests.
13. Travel restricted to the D/MA.
14. The defendant is placed in the Third Party Custody of Allison Craig.

And respectfully seeks action by the Court and for cause as follows:

Please refer to attached violation letter dated July 5, 2005

## Petition for Action on Conditions of Pretrial Release

PRAYING THE COURT WILL:

_____Issue a Warrant

\_\_\_\_\_Issue a Summons for the defendant to appear for a show cause hearing

\_\_X\_\_Other:

Modify the defendant's conditions of release to allow Pretrial Services to place the defendant in an in-patient drug treatment program, as specified in the attached violation letter dated July 5, 2005

I declare under the penalty of perjury that the foregoing is true and correct.

Executed on July 7, 2005  Place  U.S. District Court in the Judicial District of Massachusetts

_____ Date  7·6·05
U.S. Pretrial Services Officer

### ORDER OF COURT

\_\_\_\_Warrant to Issue

\_\_\_\_Summons to issue. Clerk to schedule show cause hearing.

\_X\_Other:

Considered and ordered this \_\_\_7th\_\_\_ day of July ,20 0 5 ,and ordered filed and made part of the record in the above case.

_____
Judicial Officer



# MEMORANDUM

**To:** Honorable Joyce London Alexander, U.S. Magistrate Court Judge

**From:** David A. Picozzi, U.S. Pretrial Services Officer

**Re:** Manning, John M.
CR04-04-10363-DPW

**Date** July 5, 2005

This memorandum is being submitted to advise Your Honor that the above named defendant has violated his conditions of release by testing positive for the use of cocaine.

On March 14, 2005, Mr. Manning reported to the Pretrial Services Office as directed. Upon his arrival this officer inquired as to the condition of Sweatpatch # 270537946. Mr. Manning advised this officer that the Sweatpatch had fallen off his arm during his sleep. Mr. Manning then produced the Sweatpatch which he had saved. This officer advised Mr. Manning that the removal of the Sweatpatch was construed as a violation.

Mr. Manning produced the entire Sweatpatch ( absorbent layer and adhesive) as requested by this officer. It was evident that the patch had been compromised as it was no longer affixed to his arm (as applied on March 3, 2005). It should be noted that the absorbent portion of the Sweatpatch was intact and still affixed to the protective adhesive.

Without handling the Sweatpatch this officer placed it in the supplied protective bag (used for collection and shipping) and proceeded to package it with the Chain of Custody paperwork to be sent for analysis.

This officer completed the required Chain of Custody Form in order to send the compromised Sweatpatch to Pharmchem Laboratories for analysis. Mr. Manning signed all the required Chain of Custody Forms signifying his approval of the proper packaging of the Sweatpatch for delivery and that he had submitted a patch that was compromised.

A new Sweatpatch (#270537948) was successfully applied to Mr. Manning for the purposes of continued drug testing.

This officer requested that Mr. Manning submit to a urine screen as a secondary drug testing measure ( This procedure is required in the event that a defendant submits a Sweatpatch that is compromised in any way). Mr. Manning agreed to submit to the urine screen but was unable to

Honorable Joyce London Alexander
U.S. Magistrate Judge
RE: Manning, John
CR# 04-10363-DPW
July 5, 2005

readily produce a sample. This officer directed Mr. Manning to remain in the Pretrial Services waiting area until such a time that he was able to successfully submit a urine sample.

After a significant amount of time had elapsed Mr Manning was able to produce a urine sample that tested negative for the use of any illegal narcotics.

On March 24, 2005, Pharmchem Laboratories advised Pretrial Services that Sweatpatch # 0270537946 tested positive for the use of cocaine. The results provided from Pharmchem Laboratories indicate that the defendant's positive test results reflected a nanogram level of 834.0 ng/ml and confirmed the presence of the metabolite Benzoylecgonine ( the metabolic substance produced in the body as a result of cocaine use).

This officer contacted the PharmChem Laboratories Clinical Reference Laboratory and received verbal confirmation of the positive test results reflecting the 834.0 ng/ml nanogram level and the presence of Benzoylecgonine. The resident toxicologist at the Clinical Reference Laboratory advised this officer that the confirmed presence of Benzoylecgonine was significant in that it reflects ingestion of the narcotic cocaine in the system. The toxicologist also advised that the high nanogram level (834 ng/ml) that was present was due to the use of cocaine.

On March 29, 2005, Mr. Manning reported to the Pretrial Services Office as required. This officer advised Mr. Manning of the positive test results. Mr. Manning vehemently denied the use of any illegal narcotics , specifically the use of cocaine.

A subsequent Sweatpatch (# 270537491) was applied to the defendant on May 31, 2005. This sweatpatch was removed from Mr. Manning on June 7, 2005 ( following the same procedures as previously outlined).  On June 16, 2005, Pharmchem Laboratories advised Pretrial Services that this sweatpatch ( # 2705379565) had tested positive for the use of cocaine. The results provided from Pharmchem Laboratories indicate that the defendant's positive test results reflected a nanogram level of  284.0ng/ml and confirmed the presence of the metabolite Benzoylecgonine ( the metabolic substance produced in the body as a result of cocaine use).

On June 28, 2005, Mr. Manning reported to Pretrial Services as directed and submitted to a urine screen. The sample provided by Mr. Manning tested positive for the presence of cocaine. This officer inquired of Mr. Manning as to the positive test result.  Of his own volition, Mr. Manning advised this officer that he had used cocaine on three occasions since his release. Mr. Manning advised that he has had an ongoing drug addiction problem for the previous thirty years.

This officer consulted with Drug Treatment Specialist Judith Oxford, AUSA Nancy Rue and the defendant's attorney Timothy P. Flaherty. All parties concurred with this officer's recommendation that the defendant's conditions of release be amended to allow Pretrial Services to place the defendant into an in-patient treatment program.

Honorable Joyce London Alexander
U.S. Magistrate Judge
RE: Manning, John
CR# 04-10363-DPW
July 5, 2005


This officer would note that Mr. Manning requested that Pretrial Services attempt to make such drug treatment services available to him. This officer spoke, at length, with Mr. Manning and his family in regards to this course of action. Mr. Manning and his family are all in agreement that placement in a drug treatment program would be beneficial at this point in time.

This officer views the above mentioned infractions as extremely serious, especially given Mr. Manning's initial denial of his continued drug use. However, this officer is cognizant of drug related addictions and how they are manifested. This being noted, Pretrial services would request that the above noted amendment allowing the defendant's placement to in patient treatment be allowed.


Sincerely,

David A. Picozzi
U.S. Pretrial Services Officer


CC: Nancy Rue, AUSA
    Timothy Flaherty, Counsel for the Defendant


Reviewed by:

Basil F. Cronin
Supervising U.S. Pretrial Services Officer