FILED
IN CLERKS OFFICE

2006 MAR 10  P 12: 48

U.S. DISTRICT COURT
DISTRICT OF MASS.

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

CRIMINAL NUMBER 2004-CR-1063-DPW

---

## UNITED STATES OF AMERICA

V.

## JOHN MANNING

---

## MOTION TO ALLOW DEFENDANT TO FILE MOTION TO SUPPRESS PHYSICAL EVIDENCE LATE

NOW COMES the defendant and respectfully requests this Honorable Court allow his counsel leave to file the attached Motion to Suppress Physical Evidence and Memorandum of Law in Support thereof approximately one week after the filing date of February 28, 2006.

As reasons therefore, the defendant states that his counsel was engaged in trial during the week prior to and the week of the 28th, thereby impacting his ability to adequately prepare and file the attached Motion and Memorandum of Law. As further reasons therefore, the defendant submits that he is unaware of any objection by the government to this late filing.

WHEREFORE, the defendant respectfully requests this Honorable allow his Motion.

Respectfully Submitted
THE DEFENDANT
By His Attorney,

Timothy R. Flaherty
Flaherty Law Offices
43 Bowdoin Street
Boston, MA 02114
(617) 227-1800
BBO No. 557477

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

FILED
IN CLERKS OFFICE

2006 MAR 10 P 12: 48

U.S. DISTRICT COURT
DISTRICT OF MASS.

CRIMINAL NUMBER 2004-CR-1063-DPW

UNITED STATES OF AMERICA

V.

JOHN MANNING

## MOTION TO SUPPRESS PHYSICAL EVIDENCE

NOW COMES the accused in the above-entitled criminal prosecution and respectfully moves this Honorable Court, pursuant to Crim. R. 12(b)(3), suppress from admission in evidence at trial of this matter all evidence, whether tangible or intangible, seized from the person of the accused of from an area of premises under the exclusive control of the accused, or from an area in which the accused enjoyed a reasonable expectation of privacy.

As reasons therefore, the accused states that he is the victim of an illegal and unreasonable search and seizure conducted with a warrant by certain law enforcement officers of the United States, all in violation of his rights as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution, in that there was insufficient legally obtained probable cause for the issuance of a search warrant, the search warrant application and affidavit are insufficient, incomplete and invalid on their face, the search warrant was illegally and unreasonably issued, the search extended beyond the scope of the warrant, the property seized was not listed in the warrant, the warrant was illegally and unreasonably executed, the property seized was not a proper subject for seizure.

WHEREFORE, the accused moves this Honorable Court suppress from entry into evidence the following certain items seized from a 2003 maroon F-150 Ford pick-up truck that the defendant had operated on or about November 8, 2004 at or about the driveway of 8 Colonial Drive, Billerica, Massachusetts, and further from use of any kind in this or any other proceeding;

1.  Any and all amounts of marijuana and containers seized from both the bed of a 2003 maroon F-150 Ford pick-up truck and the interior of a warehouse located at 239 Rangeway Road in Billerica, Massachusetts;

2.  The fruits of the unlawful search and seizure described in paragraph 1, including but not limited to, any and all subsequent seizures of evidence and/or contraband from any location which the government seeks to introduce against the defendant at the trial of these indictments;

3.  The further fruits of the said unlawful search and seizure as described in paragraphs 1 and 2, including but not limited to any and all statements alleged to have been made by the defendant to any and all law enforcement officers;

4.  The further fruits of the said unlawful search and seizure as described in paragraphs 1, 2, and 3, including but not limited to the seizures of a Verizon cell phone, a Nextel cell phone, $1800 US currency, photographs and the subsequent searches of the said cell phones.

WHEREFORE, because the aforesaid evidence was obtained in violation of the accused's rights to be secure from unreasonable searches and seizures guaranteed him by the Fourth Amendment to the United States Constitution, the defendant requests that this Honorable Court suppress the said evidence and not allow their introduction into evidence in this or any future proceeding.

Respectfully Submitted
THE DEFENDANT
By His Attorney,

Timothy R. Flaherty
Flaherty Law Offices
43 Bowdoin Street
Boston, MA 02114
(617) 227-1800
BBO No. 557477

FILED
IN CLERKS OFFICE

2006 MAR 10  P 12: 48

U.S. DISTRICT COURT
DISTRICT OF MASS.

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

CRIMINAL NUMBER 2004-CR-1063-DPW

### UNITED STATES OF AMERICA

V.

### JOHN MANNING

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO SUPPRESS PHYSICAL EVIDENCE

### INTRODUCTION

This criminal prosecution arises from an undercover ICE narcotics investigation that culminated on November 8, 2004 with the arrests of the defendant, John Manning, and others, and the execution of a search warrant upon 4 green containers removed from the bed of a 2003 maroon F-150 Ford pick-up truck that the defendant had driven to the driveway of a residence located at 8 Colonial Drive, Billerica, Massachusetts. The defendant hereby adopts Search Warrant MJ-04-M247JLA and the Application and Affidavit of ICE Special Agent Ryan Arnold as the controlling facts for this Motion.

### DISCUSSION

I.      The Defendant Maintained a Legitimate Expectation of Privacy
        in the Containers Located in the Pick-Up Truck and the
        Warehouse

A criminal defendant's right to challenge the admissibility of evidence on Fourth Amendment grounds depends on whether the defendant had a reasonable expectation of privacy in the area searched, in relation to the items seized. Rakas v. Illinois, 439 U.S. 128, 140-150, 58 L. Ed. 2d 387, 99 S. Ct. 421 (1978) (doing away with "automatic

1

standing" for possessory offenses), <u>United States v. Salvucci</u>, 448 U.S. 83 (1980), <u>United States v. Lochan</u>, 674 F.2d 960, 963 (1ˢᵗ Cir. 1982). Demonstration of such an expectation is a threshold standing requirement, and analysis cannot proceed further without its establishment. <u>Salvucci</u>, 448 U.S. at 90-91. The burden of persuasion on this issue is placed squarely on the movant. <u>Rakas</u>, 439 U.S. at 130. The court in <u>United States v. Jiminez</u>, 894 F.2d 1, 11-12 (1ˢᵗ Cir. 1990) catalogued the sort of factors which are pertinent in this threshold inquiry; ownership, possession, and/or control; historical use of the property searched or the things seized; ability to regulate access; the totality of the circumstances; the existence or nonexistence of a subjective anticipation of privacy; and the objective reasonableness of such an expectancy under the facts of the given case. See, e.g., <u>United States v. Gomez</u>, 770 F.2d 251, 254 (1ˢᵗ Cir. 1985). Essentially, the defendant must demonstrate that they had a subjective expectation of privacy in the searched premises and that society is prepared to accept that expectation as legitimate. <u>Minnesota v. Carter</u>, 525 U.S. 83, 142 L. Ed. 2d 373, 119 S. Ct. 469 (1998).

The totality of the circumstances demonstrates that the defendant enjoys a legitimate expectation of privacy with regard to the containers removed from the Ford 150 pick-up truck. The defendant, as noted in the affidavit, was the only person observed in possession of the vehicle throughout the entire surveillance. Further, the defendant was observed to arrive at the warehouse with an empty bed, load 4 containers into the bed and then drive to the driveway of the residence located at 8 Colonial Drive, Billerica. The scope of the consent to search the vehicle that was provided by the owner does not extend to locked containers located in the bed of the pick-up.

2

## II.    Special Agent Arnold's Affidavit Failed to Establish Probable Cause, Thus Invalidating the Search Warrant

Probable cause exists when "the affidavit upon which a warrant is founded demonstrates in some trustworthy fashion the likelihood that an offense has been committed and that there is sound reason to believe that a particular search will turn up evidence of it." United States v. Schaefer, 87 F.3d 562, 565 (1st Cir. 1996), quoting United States v. Aguirre, 839 F.2d 854, 857-58 (1st Cir. 1988). The affidavit must provide the issuing judge with a "substantial basis" for concluding that probable cause exists. See United States v. Feliz, 182 F.3d 82, 86 (1st Cir. 1999), cert. denied, 528 U.S. 1119 (2000); United States v. Khounsavanh, 113 F.3d 279, 283 (P Cir. 1997). In determining whether probable cause exists to issue a warrant, the judge magistrate is to examine the totality of the circumstances as set forth in the affidavit. Illinois v. Gates, 462 U.S. 238, 103 S. Ct. 2317, 76 L. Ed. 2d 527 (1983).

An indispensable part of the probable cause showing is a demonstration of a nexus between the crime allegedly committed and the premises to be searched. See United States v. Nocella, 849 F.2d 33, 39 (1st Cir. 1988); United States v. Diaz, 841 F.2d 1, 3 (1st Cir. 1988). In deciding whether an affidavit in support of a search warrant demonstrates such a nexus, the judicial officer must determine "whether the totality of the circumstances reasonably inferable from the affidavit demonstrates a 'fair probability' that evidence material to the 'commission' of the probable crime will be disclosed at the search premises at about the time the search warrant would issue..." United States v. Zayas-Diaz, 95 F.3d 105, 113 (1st Cir. 1996). Further, nexus need not rest on direct observation, but may be "inferred from the type of the crime, the nature of the items

3

sought, the extent of an opportunity for concealment and normal inferences as to where a criminal would hide [of the crime]." Feliz, F.3d at 88.

Whether there is probable cause to believe that the suspect has committed a crime (the "commission" element) and whether there is a nexus between that crime and the place to be searched (the "nexus" element) requires two separate inquiries, for probable cause to believe someone has committed a crime does not, *ipso facto*, provide probable cause to believe that the evidence of that crime will be in the places to be searched. See United States v. Rosario, 918 F.Supp. 524, 531 (D.R.I. 1996); United States v. Rios, 881 F.Supp.772, 775 (D. Conn. 1995); United States v. Stout, 641 F.Supp. 1074, 1078 (N.D. Cal. 1986). Any rule to the contrary "would be an open invitation to vague warrants authorizing virtually automatic searches of any property uses by a criminal suspect." Rosario, 918 F.Supp. at 531; see also United States v. Ramos, 923 F.2d 1346, 1351 (9th Cir. 1991); Rios, 881 F.Supp. at 775; Stout, 641 F.Supp. at 1078.

Instead, every case "must be evaluated on its own facts and circumstances." Khounsavanh, 113 F.3d at 285. Probable cause is a fact-specific inquiry; there is no such thing as per se probable cause.

> "A per se rule is not appropriate in the context of protecting precious Fourth Amendment freedoms. Fourth Amendment rights 'are not mere second-class rights but belonging in the catalog of indispensable freedoms. Among deprivations of rights, none is as effective in cowing a population, crushing the spirit of the individual and putting terror in every heart. Uncontrolled search and seizure is one of the first and foremost effective weapons in the arsenal of every arbitrary government...

Khounsavanh, 113 F.3d at 285, quoting Brinegar v. United States, 338 U.S. 160, 180 (1949) (Jackson, J., dissenting).

4

While district courts do give deferential treatment to the probable cause determination made by the magistrate, see Gates 462 U.S. at 236, an affidavit in support of a search warrant may not rely on "mere suspicion, rumor or strong reason to suspect [wrongdoing]". United States v. Vigeant, 176 F.3d 565, 568 (1st Cir. 1999), quoting United States v. Han, 74 F.3d 537, 541 (4th Cir. 1996). Further, "the district court should focus on what information is actually contained in the affidavit, not on what information an affidavit does not include." United States v. Conley, 4 F.3d 1200, 1205 (3rd Cir. 1993). See also Khounsavanh, 113 F.3d at 283 (holding that the court is to assess only the information provided in the four corners of the affidavit supporting the warrant application).

The affidavit supporting the search warrant for the 4 green containers removed from a Ford F-150 pickup truck and the 5 containers removed from a warehouse located at 239 Rangeway Road, Billerica fails to demonstrate requisite probable cause. The affidavit specifically notes that surveillance officers observed a tractor trailer unload freight described as "large **grey** steel containers" into the warehouse. (emphasis added) The affidavit further notes that the defendant, after arriving at the warehouse driving the pick-up truck, loaded 4 large "bright **green** containers" into the bed of the truck before exiting. (emphasis added) Accordingly, the facts as described in the affidavit make the defendant's argument that there was no probable cause nexus to search the bright green containers as they are factually distinct from the suspected containers. The defendant contends that because the affidavit lacks probable cause, all evidence and fruits obtained as the result thereof must be suppressed. Wong Sun v. United States, 371 U.S. 471, 484-488, 9 L. Ed. 2d 441, 83 S. Ct. 407 (1963)

5

A.      The Affidavit Fails to Establish an Evidentiary Nexus Between
        The Objects to be Seized and the Areas to be Searched

The two-page affidavit submitted by Special Agent Arnold in support of the

search warrant does not establish a nexus between the containers in the back of the pick-

up truck and in the warehouse and the items sough therein. The nexus between the object

to be seized need not rest on direct observation, but rather "can be inferred from the type

of crime, the nature of the items sought, the extent of an opportunity for normal

concealment and normal inferences as to where a criminal would hide [evidence of a

crime]…" United States v. Feliz, 182 F.3d 82, 88 (1st Cir.1999), quoting United States v.

Charest, 602 F.2d 1015, 1017 (1st Cir. 1979). Special Agent Arnold's affidavit provides

neither direct nor indirect evidence that the containers would contain contraband.

Special Agent Arnold states that, after receiving permission to search the pick-up

truck by its owner, no contraband was located inside the cab of the truck. He alleges,

however, that the smell of marijuana was emanating from the containers in the bed of the

truck. In some cases, the smell of marijuana by a trained agent alone can establish

probable cause. See United States v. Charley, 2004 U.S. Dist. LEXIS 24944, 12 (1st Cir.

2004), United States v. Alfiero, 1993 U.S. App. LEXIS 21683, 5 (6th Cir. 1993), United

States v. Forbes, 181 F.3d 1, 7 (1st Cir. 1999) (holding that the smell of unburned

marijuana and acetone gave probable cause to search unzipped duffle bags in trunk of

car). Here, the affidavit of Special Agent Arnold fails to demonstrate a sufficient basis

from which the issuing magistrate could find that he was sufficiently trained to detect the

odor of marijuana. The affidavit lacks any reference to the level, type or extent of

training or expertise in any discipline that would lend itself to the identification of

6

marijuana by the odor alone. The blanket statement contained in the affidavit that claims, "Since joining federal law enforcement in 1998, I have been involved in multiple drug related investigations involving the illegal smuggling of cocaine, heroin, marijuana, and other controlled substances. I have received extensive training in all aspects of drug smuggling, and the techniques used by persons to finance and import drugs.", is deficient on its face. There is no factual basis from which the issuing magistrate can determine that Special Agent Arnold possesses the ability to recognize the odor of marijuana.

The affidavit relies essentially on the "alert" provided by a "drug dog" when it was introduced to the containers. A dog's positive indication alone is enough to establish probable cause for the presence of a controlled substance if the dog is reliable. United States v. Sundby, 186 F.3d 873, 876 (8th Cir. 1999). In order to establish the dog's reliability, an affidavit need not give a detailed account of the drug dog's education, training or track record; rather, the affidavit need only state that the dog has been trained and certified to detect drugs. United States v. Meyer, 536 F.2d 963, 966 (1st Cir. 1976). Here, the affidavit of Special Agent Arnold failed to satisfy this burden, stating only in conclusory form that "a drug dog was called to the scene and alerted on the containers." Clearly, this statement does not meet the minimum requirements as to whether the drug dog was trained and certified to detect drugs. The fact that the drug dog alerted to the containers in the back of the pick-up truck, therefore, cannot be used to establish probable cause that contraband was secreted in the containers.

Similarly, the presence of additional containers located at the warehouse cannot bolster the above-noted deficiencies. Special Agent Arnold indicates that agents observed 2 containers "identical to the ones on the pickup truck" in the warehouse.

7

However, there is no suggestion that these "identical" containers smelled of marijuana. The affidavit also describes other containers at the warehouse that are factually distinct from those searched in the pick-up truck. "The **yellow** containers had locks on them which had coffee grinds on the locks." These assertions, with the obvious factual distinctions as described by Special Agent Arnold, support the defendant's argument that the affidavit fails to establish a probable cause nexus.

Here again, Special Agent Arnold offers a conclusory statement without laying the necessary foundation. "This agent is familiar with many methods that drug distributors and couriers use to conceal marijuana and other controlled substances, and it is a common practice to surround controlled substances with coffee in order to conceal the odor." Putting aside the question of how factually distinct containers that do not exhibit an odor of marijuana create a nexus for the search of those seized from the bed of the pick-up truck, nowhere in his affidavit is there a factual basis from which the issuing magistrate could conclude that Special Agent Arnold has the requisite training and experience to arrive at such a determination. Simply put, absent some description of the drug dog's reliability, the affidavit does not satisfy the "nexus" element of the probable cause determination.

      B.    The Affidavit Fails to Satisfy the 'Commission'
              Element of the Probable Cause Inquiry

An affidavit offered in support of a search warrant must establish that there exists probable cause that the suspect has committed a crime. See Rosario, 918 F. Supp. at 531. The facts as presented by Special Agent Arnold in his affidavit to the magistrate fail to demonstrate probable cause that the defendant had committed a crime prior to the application for the search warrant. As such, the search warrant is invalid.

8

The affidavit fails to disclose what, if any, criminal activity was suspected of being transacted. There is no mention that a major shipment of contraband was expected, that it was expected to be delivered in a tractor-trailer or that the defendant was in any way involved. Further, the affidavit does not indicate that the agents knew the defendant, that he was a target of their brief surveillance or that he was a suspected drug smuggler. There also exists no evidence as to why surveillance was initiated at the Billerica warehouse or how it was connected to the particular tractor-trailer they were watching. A plain reading of the language contained in the affidavit simply describes tractor trailer unloading standard gray freight containers at a warehouse located in Billerica. The affidavit fails to contain any sinister facts regarding this otherwise innocent behavior.

There is no suggestion that either the unloading of the grey steel freight containers from the tractor trailer or the loading of the bright green containers into the pick-up was in any way related to criminal activity. Further, without additional facts, the bright green containers cannot be connected, even by inference, to the tractor trailer because of their factually distinct description. The reasonable inference to be drawn is that the green containers were present at the warehouse prior to the delivery of the large grey steel containers.

There is insufficient information contained in the four corners of the affidavit to establish the existence of criminal activity

### III. The Leon Good Faith Exception Does Not Apply

Although the totality of the circumstances does not give rise to a fair probability that a search would uncover evidence of a crime, this does not end the analysis. "In Leon, the United States Supreme Court held that evidence seized by police officers acting

9

in objectively reasonable good faith reliance on a search warrant issued by a neutral and detached magistrate, but ultimately found to be unsupported by probable cause, need not be suppressed." United States v. Bonner, 808 F.2d 864, 867 (1st Cir. 1986), cert. denied, 481 U.S. 1006, 95 L. Ed. 2d 205, 107 S. Ct. 1632 (1987). The Leon court outlined three instances wherein good faith reliance upon a neutral and detached magistrate's conclusion that probable cause existed could not be supported; (1) the affiant has submitted an affidavit containing false information or information the affiant should have known was false; (2) the magistrate has "wholly abandoned his judicial role," and, (3) the affidavit upon which the warrant was based was "so facially deficient...that the executing officers cannot reasonably presume it to be valid." Leon, 468 U.S 897, 923 (1984); see also United States v. London, 66 F.3d 1227, 1238 (1st Cir. 1995) (noting that "'suppression is appropriate only if the officers were dishonest or reckless in preparing [the warrant] affidavit or could not have harbored an objectively reasonable belief in the existence of probable cause'") (quoting Leon, 468 U.S. at 926). The test is "whether the affidavit was sufficient to 'create disagreement among thoughtful and competent judges as to the existence of probable cause.'" United States v. Hove, 848 F.2d 137, 139 (9th Cir. 1988) (quoting Leon, 468 U.S. at 926). Essentially, a law enforcement officer's reliance upon a magistrate's probable cause determination and on the technical sufficiency of the warrant must be objectively reasonable, and the test for objective good faith is "whether a reasonably well-trained officer would have known that the search was illegal despite the magistrate's authorization." Leon, 468 U.S. at 922.

Because Special Agent Arnold's affidavit is so lacking in factual indicia of probable cause and contains nothing more than unsupported conclusory statements, that

no reasonably well-trained officer could, in good faith, rely on the magistrate's probable cause determination. The affidavit is facially deficient. Any reasonably well-trained officer could not presume that the contested affidavit is valid.

Special Agent Arnold appears to have prepared his affidavit in haste. He did not include dispositive information that was known or easily accessible to him. He did not "take every step that could easily be expected of [him]". Massachusetts v. Sheppard, 468 U.S. 981, 82 L. Ed. 2d 737, 104 S. Ct. 3424 (1984). The Leon good faith exception was not designed to be a safety net for affidavits that are so obviously lacking in indicia of probable cause. Under these circumstances, Leon should not apply. Suppression remains, therefore, an appropriate remedy.

## CONCLUSION

For the above-stated reasons, the defendant John Manning, respectfully submits that his Motion to Suppress Physical evidence be allowed.

Respectfully Submitted
THE DEFENDANT
By His Attorney,

Timothy R. Flaherty
Flaherty Law Offices
43 Bowdoin Street
Boston, MA 02114
(617) 227-1800
BBO No. 557477

11

Certificate of Service

I, Timothy R. Flaherty, Esq. Hereby certify that I have this day, March 8, 2006, delivered
by first-class mail, postage prepaid the enclosed Motion to Suppress and Memorandum of
Law In Support thereof to AUSA Nancy Rue, United States Attorney's Office, 1
Courthouse Way, Suite 9200, Boston, Ma, 02210. *AND ALL COUNSEL OF RECORD. (TRF)*

Timothy R. Flaherty