UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Cr. No. 2004-CR-1063-DPW |
| ) | |
| JOHN MANNING ) | |
| ) | |
| Defendant. ) | |

**GOVERNMENT'S RESPONSE TO MOTION TO SUPPRESS**

The United States of America, by and through its attorneys, Michael J. Sullivan, United States Attorney for the District of Massachusetts, and Nancy Rue, Assistant United States Attorney, respectfully opposes Defendant John Manning's Motion to Suppress Evidence. The motion is legally without merit, because there was probable cause for the issuance of the search warrant, and the warrant was executed in good faith. For these reasons, the motion should be denied without oral argument or evidentiary hearing.

**ARGUMENT**

**I.   The Agents Had Probable Cause to Search the Containers in the Pickup Truck and Warehouse**

An affidavit is sufficient to support a warrant application if the "totality of the circumstances" in the affidavit shows probable cause to search the premises. United States v. Barnard, 299 F.3d 90, 93 (1st Cir. 2002). In reviewing the sufficiency of an affidavit, the court must "examine the affidavit in 'a practical, common-sense fashion and accord deference to reasonable inferences the [magistrate] may have drawn from the attested facts.'" Id., (citing United States v. Zayas-Diaz, 95 F.3d 105, 111 (1st Cir. 1996)). The court may reverse the magistrate's evaluation only if there is no "substantial basis" for finding probable cause. United

States v. Feliz, 182 F.3d 82, 86 (1st Cir. 1999). If the case is "doubtful or marginal," the court must defer to the magistrate's judgment. Barnard, 299 F.3d at 93.

    A.    The agents had probable cause to search the containers in the pickup truck.

The totality of circumstances stated in the affidavit, as well as the magistrate's reasonable inferences, are more than sufficient to support a finding of probable cause to search the 4 containers in the pickup truck. As Defendant concedes, a qualified agent's uncontested testimony that a container smells of marijuana establishes probable cause to search that container. Forbes, 181 F.3d at 7; see also Johnson v. United States, 333 U.S. 10 (1948). The affidavit stated that the odor of marijuana "emanated strongly" from the containers in the back of the pickup truck. This strong odor of marijuana gave the agents probable cause to search those containers.

Defendant mistakenly argues that the affidavit did not provide a sufficient basis for the magistrate to determine that Special Agent Arnold was qualified to detect the odor of marijuana. An affidavit supporting a warrant application need not relay every aspect of an agent's training specifically relevant to each observation the agent makes in the course of his duties. Special Agent Arnold testified that he had been involved in multiple drug-related investigations involving marijuana and other controlled substances since joining federal law enforcement in 1998. This testimony is sufficient to allow an experienced magistrate to infer that the agent is qualified to identify the odor of marijuana. See United States v. Pringle, 53 Fed.Appx. 65 (10th Cir. 2002); United States v. Systad, 12 F.3d 1110 (9th Cir. 1993).

The drug dog's alert to marijuana within the 4 containers further bolsters the magistrate's finding of probable cause to search the containers. Defendant argues that the affidavit must state

2

the dog has been trained and certified to detect drugs. The affidavit's reference to the dog as a "drug dog," however, is sufficient to support the magistrate's reasonable inference that the dog is trained and certified to identify marijuana. In United States v. Meyer, 536 F.2d 963, 966 (1st Cir. 1976), the court held an affidavit referring to a dog as a "trained dog" was sufficient to support a magistrate's inference that it "had attained a high degree of proficiency in detecting the scent of narcotics." Id. Here, the affidavit's reference to the dog as a "drug dog"–a dog which was called onto the scene during a drug investigation by federal agents–could similarly give rise to such an inference. See United States v. Berry, 90 F.3d 148, 153 (6th Cir. 1996) (stating the "affidavit's references to the dog as a 'drug sniffing or drug detecting dog' reasonably implied that the dog was a 'trained narcotics dog'").

The affidavit's testimony that a trained drug agent and a drug dog detected the odor of marijuana establishes probable cause to search the 4 green containers. Defendant's reliance on the distinction between the grey containers delivered to the warehouse and the 4 green containers Defendant retrieved from the warehouse is not relevant. There is no contention that the grey containers were placed in the pickup truck. The clear inference is that the suspected illegal contents of the grey containers were unloaded and broken down inside the warehouse. Defendant then arrived at the same warehouse with an empty pickup truck and departed with 4 containers that the agents could reasonably suspect held illegal substances. The odor detection by Special Agent Arnold and the drug dog confirmed this suspicion and provided probable cause for the search warrant.

  B. <u>The agents had probable cause to search the containers in the warehouse</u>.

The agents had reason to believe that the containers in the warehouse held controlled substances because Defendant had retrieved marijuana from that warehouse, the 2 green

containers were identical to the ones Defendant retrieved, and the 3 yellow containers had coffee grinds on their locks.

Once the agents detected the marijuana within the 4 green containers Defendant had retrieved, they could reasonably suspect more illegal substances were in the warehouse. After obtaining consent to search from the warehouse owner, the agents discovered 2 green containers in the warehouse identical to the 4 green containers that had been found to hold marijuana. The identical appearance and location of these containers alone could support the inference that the 2 green containers held marijuana. Cf. United States v. Moore, 665 F.2d 500, 507 (4th Cir. 1981) (holding valid under plain view doctrine a warrantless search of intact bales, where identical open bales on the same boat exposed marijuana, and marijuana residue was sprinkled on some of the intact bales).

The agents also had probable cause to search the 3 yellow containers. These containers were located in the warehouse from which Defendant had retrieved marijuana, they were similar in size to the 4 green containers in the pickup truck, and coffee grinds were on their locks. In his affidavit, Special Agent Arnold testified that according to his familiarity with methods used to conceal controlled substances, he knew coffee grinds were often used to mask the odor of illegal drugs. Given the totality of these circumstances, the magistrate could reasonably infer probable cause to search the yellow containers.

**II.    The Agents Executed the Search Warrant in Good Faith.**

Even if the court finds insufficient probable cause to support the magistrate's issuance of the search warrant, the evidence from the containers in the pickup truck and the warehouse is admissible because the police executed the warrant in "good faith." The exclusionary rule does not apply when an "objectively reasonable law enforcement officer relied in good faith on a

4

defective warrant because suppression in that instance would serve no deterrent purpose." United States v. Brunette, 256 F.3d 14, 19 (1st Cir. 2001) (citing United States v. Leon, 468 U.S. 897, 920-21). Here, the agents had objective and tangible reasons to believe that the containers in the pickup truck and the warehouse contained illegal substances. The agents were thus justified in relying on the validity of the search warrant.

### III.     The Search is Appropriate Under the Principles of Inevitable Discovery Because Agents Had a Right to Search the Containers Incident to Arrest

At the time of Manning's arrest, agents knew the following: Undercover agents had been hired by Felix Parra-Gastelom to drive a tractor-trailer containing a load of marijuana from Texas to the Boston area. Affidavit of Kristin Rosenbeck (in support of complaint against Sandra Saunders, Leon Romprey and Richard Adams), Docket 8, at ¶¶ 4-7. Surveillance agents watched John Manning and others unload the steel boxes containing the marijuana into a warehouse. Id. at ¶ 15. They observed John Manning pull a truck with an empty truck bed into the warehouse and come out with four Greenlee containers in the bed of the truck. Id. at 17.

Based on these facts, agents had probable cause to arrest Manning for possession of marijuana with intent to distribute it. They also therefore had authority to search the containers within the pickup truck incident to that arrest. California v. Acevedo, 500 U.S. 565, 580 (1991); United States v. Maguire, 918 F.2d 254, 261 (1st Cir. 1990). At the time of the incident, for both investigative reasons and for security reasons, the government did not wish to disclose that the drivers of the tractor-trailer were undercover agents. Therefore, rather than rely on the information from the undercovers to justify seizure of the marijuana, they instead elected to seek a warrant. However, if they had not been successful in obtaining a warrant, this information was

available.  Accordingly, the rule of inevitable discovery applies.  United States v. Scott, 270 F.3d 30, 43 n.7 (1st Cir. 2001), and the motion to suppress should be denied.

## CONCLUSION

As demonstrated above, this Motion to Suppress is wholly without merit.  Accordingly, this motion should be dismissed without hearing.

                                          Respectfully Submitted,

                                          MICHAEL J. SULLIVAN

                                          United States Attorney

                          By:    /s/Nancy Rue
                                    NANCY RUE
                                    Assistant U.S. Attorney